STRINGER, Judge.
The State appeals the imposition of a downward departure sentence. The defendant, Andrew Seniska, cross-appeals the denial of his motion to dismiss the charge of trafficking in hydrocodone. Sen-iska argues that the amount of hydroco-done in his possession was not sufficient to support the trafficking charge. We agree and reverse.
Seniska was charged with obtaining or attempting to obtain hydrocodone through a fake prescription, and in a separate case, he was charged with trafficking in hydro-codone and obtaining or attempting to obtain hydrocodone by misrepresentation. Seniska was charged with trafficking in hydrocodone based on the amount of hy-drocodone in his possession pursuant to section 893.135(l)(c)l., Florida Statutes (1997). Prior to the instant offenses, Sen-iska had been placed on probation for obtaining or attempting to obtain a controlled substance (alprazolam) by fraud, possession of alprazolam, and defrauding a hospital.
Prior to trial, Seniska filed a motion to dismiss the trafficking charge. Seniska argued that he possessed twenty-five tablets each containing only 7.5 milligrams of hydrocodone mixed with 750 milligrams of acetaminophen which was not sufficient to be classified as a Schedule II drug. The trial court denied the motion. The trial court indicated that it would enter a downward departure sentence on all the charges in exchange for Seniska’s plea. Seniska pleaded no contest to the new charges, admitted violating his probation, and specifically reserved the right to appeal the denial of his motion to dismiss the trafficking charge. The trial court entered a downward departure sentence of ten years suspended on the trafficking case and concurrent five-year suspended sentences on all remaining charges except for defrauding a hospital, for which Seniska was sentenced to sixty days in jail. During the suspension of his prison sentence, Seniska was to serve two years on drug offender community control followed by three years of drug offender probation. The State objected to the downward departure sentence.
Recently, in Hayes v. State, 750 So.2d 1 (Fla.1999), the supreme court affirmed this court’s opinion in State v. Perry, 716 So.2d 327 (Fla. 2d DCA 1998), and held that if the amount of hydrocodone possessed by a defendant is fifteen milligrams or less per dosage unit, then the defendant possesses a Schedule III substance and cannot be charged with the crime of trafficking under section 893.135(1)(c)1., Florida Statutes. Since the record reflects that Senis-ka possessed twenty-five tablets containing only 7.5 milligrams of hydrocodone per dosage unit, the trial court should have granted the motion to dismiss the trafficking charge. We note that the trial court was without the benefit of the Hayes and Perry decisions at the time of the hearing on Seniska’s motion to dismiss.
*555 We, therefore, reverse Seniska’s conviction and sentence for trafficking in hy-drocodone and remand this case for re-sentencing on the remaining charges with directions that Seniska’s motion to dismiss be granted. Since Seniska must be resentenced, the State’s objection to the downward departure sentence is moot.
Reversed and remanded with directions.
PARKER, A.C.J., and WHATLEY, J., Concur.